IN THE SUPREME COURT OF THE STATE OF NEVADA

RAY ANTONIO AZCARATE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69105

FILED

APR 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Ray Azcarate's September 8, 2011, postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge. Azcarate argues that the district court erred in denying his ineffective-assistance-of-counsel claims as procedurally barred without holding an evidentiary hearing. We affirm.

Azcarate filed his petition more than two years after issuance of the remittitur on direct appeal on June 2, 2009. *See Azcarate v. State*, Docket No. 50616 (Order of Affirmance, May 5, 2009). Azcarate's petition was therefore untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1). The district court accepted the State's concession that Azcarate had demonstrated cause for the delay consistent with *Hathaway v. State*, 119 Nev. 248, 71 P.3d 503 (2003) (addressing cause for the delay in filing a postconviction habeas petition where the petitioner reasonably

17-12322

believed that he had a direct appeal pending when the period provided in NRS 34.726 expired),[1] but concluded that he had not demonstrated undue prejudice.

Where, as here, the untimely petition raises ineffective-assistance-of-counsel claims, the petitioner may demonstrate undue prejudice to overcome the procedural bar in NRS 34.726 by satisfying the prejudice prong of the ineffective-assistance-of-counsel test. *See Rippo v. State*, 132 Nev., Adv. Op. 11, 368 P.3d 729, 742 & n.14 (2016), *vacated on other grounds sub nom. Rippo v. Baker*, No. 16-6316, 2017 WL 855913 (U.S. Mar. 6, 2017). The prejudice prong of the ineffective-assistance-of-counsel test requires a showing that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel).

---

[1]Relying on *Hathway*, this court determined in a prior appeal that Azcarate's allegations regarding his belief that he had a direct appeal pending until May 2011 would, if true, establish cause for his delay in filing the petition. *Azcarate v. State*, Docket No. 60872 (Order of Reversal and Remand, December 12, 2012). The State's eventual concession was to facts supporting Azcarate's allegation of cause for the delay; therefore, the concession does not run afoul of our decision in *State v. Haberstroh*, 119 Nev. 173, 180-81, 69 P.3d 676, 681-82 (2003), regarding stipulations in the context of the statutory procedural default rules that apply to postconviction habeas petitions.

Azcarate claims he received ineffective assistance from trial and appellate counsel because they failed to challenge the admission of his prior convictions during the penalty hearing. Azcarate cannot demonstrate that there was a reasonable probability of a different outcome at the penalty hearing or on appeal but for trial and appellate counsel's alleged deficiencies because his prior convictions were admissible at the penalty hearing. Azcarate suggests that a defendant's prior convictions are admissible in a penalty hearing following a conviction for first-degree murder only where the State pursues an aggravating circumstance under NRS 200.033(2)(b). He is mistaken. The State did not seek the death penalty in this case, so NRS 200.033 is not relevant here.[2] Regardless, in both capital and noncapital penalty hearings before a jury to determine the sentence for a first-degree murder, evidence may be presented on any matter that the district court "deems relevant to the sentence" even if that "evidence is ordinarily inadmissible." NRS 175.552(3). A defendant's criminal history, including prior convictions, is relevant to the sentencing decision. *Denson v. State*, 112 Nev. 489, 494, 915 P.15 P.2d 284, 287 (1996); *Allen v. State*, 99 Nev. 485, 488, 665 P.2d 238, 240 (1983). As such, an objection by trial counsel or challenge by appellate counsel would not have met with success, and therefore counsel's

---

[2]For the same reason, the disclosure provision in NRS 175.552(3), regarding statutory aggravating circumstances under NRS 200.033 other than the aggravated nature of the offense itself, did not apply in this case.

alleged deficient performance did not prejudice the defense.[3] Accordingly, Azcarate did not demonstrate undue prejudice, and the district court correctly applied NRS 34.726 to deny the petition. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Kerry Louise Earley, District Judge
Law Offices of Gamage & Gamage
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]Because Azcarate failed to identify any facts that, if true, would have demonstrated undue prejudice, he was not entitled to an evidentiary hearing on that issue. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

SUPREME COURT
OF
NEVAOA

(O) 1947A