**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL BLACKSON | : | |
| | : | |
| Appellant | : | No. 358 EDA 2020 |

Appeal from the PCRA Order Entered December 12, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1101781-1998

BEFORE: PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: Filed: January 21, 2021

Joel Blackson appeals from the order dismissing his third petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. We affirm.

Following a non-jury trial, the Honorable Willis Berry, Jr. convicted Blackson of third degree murder and related offenses. Judge Berry sentenced Blackson to an aggregate term of seventeen and one-half to thirty-five years' incarceration. Blackson timely appealed, and this Court affirmed his judgment of sentence. Blackson did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

Blackson filed the instant PCRA petition, his third, alleging judicial bias. On its face, the petition was untimely, having been filed more than thirteen

---

[*] Former Justice specially assigned to the Superior Court.

years after the judgment of sentence became final. But Blackson claimed his petition met the timeliness exception for newly discovered fact evidence. His petition asserted that Judge Berry, who was recently convicted for crimes of dishonesty, was not a fair and impartial judge during his court proceedings. Blackson also alleged in his petition that Judge Berry exhibited dishonesty when he issued conflicting findings of fact in the 1925(a) Opinion filed in connection with his direct appeal and the 1925(a) Opinion issued following his denial of his first PCRA petition.

The PCRA court issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. The Rule 907 notice observed that Blackson's petition was untimely, and did not satisfy the newly discovered fact exception to the PCRA's time bar. The court ultimately dismissed the petition, and Blackson filed a timely notice of appeal. Another panel of this Court, however, held that Blackson's petition satisfied the newly-discovered fact exception to the one-year time bar and remanded the matter to the PCRA court. *See Commonwealth v. Blackson*, 1371 EDA 2017 (Pa. Super. filed June 7, 2019) (unpublished memorandum).

Upon remand, the PCRA court once again issued a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing, and subsequently dismissed the petition. Blackson then filed this timely appeal.

Blackson raises four issues on appeal. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal

error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). In doing so, we read the record in the light most favorable to the prevailing party. ***See Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012). "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Commonwealth v. Derrickson****,* 923 A.2d 466, 468 (Pa. Super.2007).

For ease of our discussion, we address Blackson's first two issues together, as they both assert claims of judicial bias. In alleging judicial bias, Blackson contends that his right to due process was violated because Judge Berry exhibited bias in favor of the Commonwealth during Blackson's non-jury trial, first PCRA petition, and untimely, second PCRA petition. To establish a due process violation for judicial bias, Blackson must prove actual judicial bias or that the "probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." ***Rippo v. Baker***, 137 S.Ct. 905, 907 (2017).

Blackson first argues the PCRA court erred in concluding that any judicial bias against him amounted to nothing more than harmless error. ***See*** Appellant's Brief, at 12. However, as the record indicates, the PCRA court did not subject Blackson's claim to a harmless error analysis. Rather, the PCRA court reviewed Blackson's claim and concluded that Blackson failed to prove actual judicial bias or the probability of actual bias on the part of Judge Berry.

- 3 -

*See* PCRA Court Opinion, filed 5/18/20, at 5; *see also Rippo*, 137 S.Ct. at 907.

Blackson nonetheless argues that the PCRA court erred when it concluded that he failed to adduce evidence of actual judicial bias or the probability of actual bias. He contends that there is evidence that Judge Berry engaged in "compensatory bias" - that he exhibited bias in favor of the Commonwealth to deflect attention away from his own criminal conduct. *See* Appellant's Brief, at 18. To support his contention, Blackson likens his case to *Bracy v. Gramley*, 117 S.Ct. 1793 (1997).

In *Bracy*, the trial judge who presided over the petitioner's trial was later convicted on federal charges of accepting bribes from criminal defendants in other cases. The petitioner sought to show that the judge's acceptance of bribes in those cases induced a compensatory bias against defendants who did not bribe him so as not to appear "soft" on criminal defendants. *See id*., at 1797. Although the judge was not bribed in the petitioner's case, the United States Supreme Court determined that the petitioner had shown good cause to obtain discovery to support his compensatory bias claim. *See id*., at 1799.

Here, Blackson's attempt to liken his case to *Bracy* is unpersuasive for several reasons. The first reason is that Judge Berry was convicted for crimes of dishonesty – using his judicial office and staff to run his real estate business – and not for accepting bribes from criminal defendants. By itself, Judge

Berry's improper use of government resources does not automatically imply that Judge Berry was biased in performing his judicial responsibilities. Even more, it does not support an inference that Judge Berry was biased against Blackson. While Blackson implies that Judge Berry acted in a biased manner because he was seeking leniency from the Commonwealth for his own criminal actions, we note that the criminal investigation of Judge Berry's real estate practices did not begin until after Blackson's post-conviction proceedings.

In the alternative, Blackson's only concrete allegation of Judge Berry's compensatory bias is that the findings of fact in Judge Berry's PCRA opinion conflict with his original opinion. According to Blackson, Judge Berry's original opinion states that Blackson shot the victim with no provocation and without justification. *See* Appellant's Brief, at 13. The PCRA opinion, on the other hand, describes the victim as the aggressor who provoked the fatal shooting. *See id*. To that end, Blackson contends that the findings of fact in the PCRA opinion support a verdict for self-defense and not for third degree murder. *See id*., at 14. And for that reason, Blackson argues that Judge Berry should have vacated his conviction for third degree murder, but did not because a change in the outcome would have called attention to Judge Berry's wrongdoing. *See id*.

While the PCRA opinion conflicts with the original opinion, we cannot conclude that the PCRA opinion supports a verdict for self-defense or that the conflicting factual findings constitute evidence of Judge Berry's compensatory

bias. Even though the PCRA opinion portrays the victim as the aggressor, the facts show that Blackson was never faced with death or serious bodily injury to justify the use of deadly force. **See** PCRA Opinion, 08/28/06, at 2; **see also** 18 Pa.C.S.A. §505(b)(2). Therefore, the PCRA opinion does not support a verdict for self-defense as Blackson asserts.

In addition, the conflicting findings of fact in Judge Berry's PCRA opinion and his original opinion could not alone support an inference that Judge Berry engaged in compensatory bias. Blackson needed to show that Judge Berry's compensatory bias motivated him to alter the findings of fact in the PCRA opinion for a nefarious purpose. Having failed to do so, Blackson's allegation of compensatory bias amounts to nothing more than a bald assertion that Judge Berry was biased against him.

Under these circumstances, we cannot conclude the PCRA court erred in finding that Blackson had failed to allege facts capable of establishing even a probability of actual judicial bias. **See Rippo**, 137 S.Ct. at 907. This claim merits no relief.

Next, Blackson argues that the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), because it withheld crucial information as to when it first learned of Judge Berry's criminal conduct.

As an initial matter, we must determine whether Blackson included this issue in his PCRA petition and preserved it for our review. Both the PCRA court and the Commonwealth claim that Blackson failed to include the **Brady** issue

in his PCRA petition and therefore waived it. Blackson, however, asserts that he preserved the issue in his Brief in Opposition to the Motion to Dismiss.

Pennsylvania Rule of Criminal Procedure 902 provides that "[e]ach ground relied upon in support of the relief requested shall be stated in the petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief." Pa.R.Crim.P. 902(B).

Here, Blackson did not include the *Brady* claim in his petition. Nor did he seek permission to amend his petition to include the same. Therefore, the issue is waived. *See* Pa.R.Crim.P. 902(B); *see also Commonwealth v. Porter*, 35 A.3d 4, 14 (Pa. 2012) (stating that a PCRA petitioner may not raise new claims by supplementing a pending PCRA petition without court authorization).

In any event, had Blackson included the *Brady* issue in his petition, he would not be entitled to relief. Under *Brady*, a prosecutor has an obligation to disclose all exculpatory information material to the guilt or punishment of the accused. *See Commonwealth v. Roney*, 79 A.3d 595, 607-608 (Pa. 2013) (emphasis added). To establish a *Brady* violation, an appellant must show that: (1) the evidence at issue was favorable to the appellant, either because it is exculpatory or could have been used for impeachment; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued. *See id*., at 607.

Here, Blackson does not explain what exculpatory evidence the Commonwealth withheld from him, other than that Judge Berry had been under investigation for misuse of government resources. Also, he does not explain how the evidence was favorable to him or how it could have been used for impeachment at trial. Furthermore, Blackson fails to allege he suffered prejudice because of the Commonwealth's failure to disclose information as to when it opened its investigation into Judge Berry. Therefore, even if this issue were preserved, it would merit no relief.

In his final issue, Blackson argues that he suffered a miscarriage of justice. However, Blackson failed to include this issue in his PCRA petition or seek permission to amend his petition to include it for our review. Thus, the issue is waived. *See* Pa.R.Crim.P. 902(B).

However, even if Blackson preserved this issue for our review, he would not be entitled to relief. Blackson fails to present an argument as to how he suffered a miscarriage of justice. Instead, he simply reasserts claims he made elsewhere in his brief, which we already addressed in this memorandum. Therefore, the issue would merit no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/21/21