PER CURIAM
Writ granted; stay lifted.
In Rippo v. Baker , 239 U.S. 807, 137 S.Ct. 905, 907, 197 L.Ed.2d 167 (2017), the United States Supreme Court recently ruled that "[r]ecusal is required when, objectively speaking, the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." (internal quotes omitted). This court has very recently examined the Rippo recusal standard in State v. LaCaze , 16-0234 (La. 3/13/18), 239 So.3d. 807, 2018 WL 1281112, and observed that under Rippo's mandate, "evidence of actual bias is not necessary to require recusal."
*1000 La Caze , 16-0234, p. 10, 239 So.3d. at 813. In other words, recusal may be required as a constitutional safeguard against the risk of bias and, because the defendant here faces the possibility of a death sentence, every reasonable effort must be made to ensure constitutional safeguards are met.
The record here demonstrates that the trial judge had a longtime working relationship with Mrs. Vincent, the victim's widow and a court employee; has a social media relationship with Mrs. Vincent that he initially denied in a formal opinion, but later admitted under oath; and has taken steps barred by the Code of Criminal Procedure which, if not corrected by the appellate court, would have thwarted another judge from considering his recusal. Mrs. Vincent is not only the victim's widow, she is designated as a penalty phase witness in this capital case.
Another judge allotted to hear the recusal motion referred to some of the events surrounding the recusal procedure as "very odd," and commented, "I still don't quite understand why these things happened."
Perhaps, if viewed in isolation, any one of these facts would not be sufficient to require recusal. However, viewed collectively, this record satisfies both prongs of proof required by this court in LaCaze . First, "[t]he Rippo standard clearly requires proof that an appearance of bias gives rise to a 'probability of actual bias,' also referred to as a 'risk of bias' or 'potential for bias.' " LaCaze , 16-234 at 13, 239 So.3d. at 816. "Secondly, the defendant must prove that the probability of actual bias rises to a level that 'is too high to be constitutionally tolerable' under the circumstances." Id. Thus, the trial judge must be recused.
We hasten to add that there has been no allegation or showing that the trial judge harbors any actual bias or that he is not a diligent district court judge. However, on these unique facts, the standard recently enunciated by the Supreme Court dictates recusal on this matter.