NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-670

HUBERT ARVIE & ANGELA ARVIE

VERSUS

GEICO CASUALTY COMPANY, ET AL

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2021-3843
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Van H. Kyzar, Candyce G. Perret, and Sharon Darville Wilson,
Judges.

**AFFIRMED.**

**Hubert Arvie**
**1901 Knapp Street**
**Lake Charles, LA 70601**
**(337) 244-6776**
**In Proper Person**

**James H. Gibson**
**Anna Grand-Lege**
**Gibson Law Partners, LLC**
**P.O. Box 52124**
**Lafayette, LA 70505**
**(337) 761-6023**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Christian D. Chesson**

**Van C. Seneca**
**Plauché, Smith & Nieset, LLC**
**435 10th Street**
**Lake Charles, LA 70601**
**(337) 436-9637**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Mark and Merric Dejean**

**KYZAR, Judge.**

The plaintiff, Hubert Arvie, appeals from trial court judgments sustaining peremptory exceptions of prescription and res judicata in favor of the defendants, Mark and Merric DeJean, and peremptory exceptions of no cause of action and no right of action in favor of the defendant, Christian D. Chesson. For the following reasons, we affirm.

## DISCUSSION OF THE RECORD

This matter stems from a September 6, 2019 accident, when a vehicle driven by Angela Arvie, in which Mr. Arvie was a passenger, was rear-ended by a vehicle driven by Mark DeJean and owned by his father, Merric DeJean. The Arvies' vehicle was insured by GEICO Casualty Company (GEICO), while Mr. DeJean's vehicle was insured by Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau). Farm Bureau's policy provided liability limits of $15,000.00 per person and $30,000.00 per accident. A settlement with Farm Bureau for its policy limits was negotiated on behalf of the Arvies by their then counsel, Mr. Chesson, on March 16, 2020, with the Arvies each receiving $15,000.00. Mr. Arvie acknowledged that he received his settlement check on or before August 25, 2020. Thereafter, in September 2020, Mr. Chesson made a demand against GEICO under the Arvies' uninsured/underinsured motorist (UM) coverage. On August 26, 2021, the Arvies notified Mr. Chesson that they were discharging him as their counsel.

On September 3, 2021, the Arvies filed suit against GEICO and its president, O. M. Nicely, seeking damages as well as penalties based on GEICO's handling of their UM claim. A footnote in the petition noted that the Arvies were "not seeking to bring this Petition for Damages against Attorney Christian Chesson and staff." On December 1, 2021, Mr. Arvie moved to proceed in forma pauperis, which the

trial court granted on December 3, 2021.[1]  Thereafter, on December 6, 2021, Mr. Arvie, acting alone, filed an amended petition, adding five additional defendants to the suit, including Warren Buffet, the owner and CEO of Berkshire Hathaway Inc., GEICO's parent company; Bill Roberts, GEICO's vice chairman; Shane Wheeler, GEICO's vice president of claims operations; Connie Lynch, GEICO's former trial attorney; and Todd Combs, GEICO's CEO.  Although Mr. Arvie raised allegations against the DeJeans and Mr. Chesson, they were not named as defendants, and the trial court denied his request for service of citation upon them.

Mr. Arvie, again acting alone, filed an amended and supplemental petition on December 8, 2021, adding six additional defendants to the suit, including Mr. Chesson, against whom Mr. Arvie raised allegations of legal malpractice, and Farm Bureau.[2]  Although they were not named as defendants, Mr. Arvie raised allegations against the DeJeans.  The trial court denied service of citation against all of the named defendants except Mr. Chesson, Farm Bureau, and GEICO.  It further allowed service of citation on the DeJeans.

On December 28, 2021, Mr. Arvie filed a motion to recuse the Fourteenth Judicial District Court (14th JDC).  The assertions in his motion centered on actions taken by deputy clerks of the Calcasieu Parish Clerk of Court's Office relative to his ability to proceed in forma pauperis.  The motion was denied by the trial court on December 30, 2021.

In response to Mr. Arvie's claims, Mr. Chesson filed peremptory exceptions of no cause of action and no right of action, arguing that because the Arvies still had

---

[1] Although the trial court issued an amended order on January 12, 2021, denying Mr. Arvie's motion to proceed in forma pauperis, the order allowing him to proceed as such was reinstated by judgment rendered on April 22, 2022.

[2] Additional defendants added to the suit were Amanda Treadwell, GEICO adjuster; Dan Dennis, Farm Bureau claims representative; Jimmy Doles, Farm Bureau claims adjuster; and Patricia Fernandez, Mr. Chesson's secretary.

2

a viable claim against GEICO[3] after his August 26, 2021 discharge, they could not bring a claim for legal malpractice against him. The DeJeans also filed peremptory exceptions of prescription and res judicata, arguing that the one-year prescriptive period applicable to the claims against them had prescribed prior to the filing of the Arvies' September 3, 2021 petition. They further argued that the Arvies' claims were barred by res judicata as a result of their April 16, 2020 settlement with Farm Bureau.

On March 28, 2022, Mrs. Arvie filed a declinatory exception objecting to the jurisdiction of the trial court over her. The exception, which is in a form identical to the pleadings filed by Mr. Arvie, claimed that because she had not personally filed a claim against the defendants, she had not submitted herself to the jurisdiction of the court.[4]

On May 2, 2022, Mr. Arvie filed a second motion to recuse the entire 14th JDC from hearing his suit. In addition to reasserting the grounds raised in his December 28, 2021 motion, he asserted actions taken by Judge Clayton Davis, the judge assigned to his suit, as well as the deputy clerks evinced such a bias against him that he would not get a fair and impartial hearing. The trial court's May 11, 2022 denial of the motion includes the following handwritten notation: "Denied. Fails to set forth a ground for recusal under [La.Code Civ.P.] Art. 151."

Following a hearing on the exceptions, the trial court orally sustained all of the exceptions filed by Mr. Chesson and the DeJeans. A written judgment sustaining the exceptions of no cause of action and no right of action in favor of Mr. Chesson

---

[3] Pursuant to La.R.S. 9:5629, an action to recover damages under a UM policy prescribes two years from the date of the accident.

[4] During the May 26, 2022 hearing on the exceptions, the trial court converted Mrs. Arvie's exception to a motion to dismiss and granted the motion.

3

was rendered by the trial court on May 26, 2022, dismissing all of Mr. Arvie's claims against him with prejudice. That same day, the trial court rendered a written judgment in favor of the DeJeans, sustaining the exceptions of prescription and res judicata and dismissing all of Mr. Arvie's claims against them with prejudice. Both judgments were designated as final judgments. Following the trial court's June 27, 2022 denial of Mr. Arvie's motion and supplemental motion for new trial, he perfected the instant appeal.

On appeal, Mr. Arvie asserts thirteen assignments of error, as follows:

1. The trial court erred under the State and Federal Constitution by failing to recuse itself, given the allegations, exhibits, and record clearly show the court engaged in unlawful acts and ex parte communications.

2. The [trial] court erred by failing to have the minute clerk administer the oath required by law on examining a party-appellant on hearing the peremptory exceptions.

3. The [trial] court erred by deciding the peremptory exception of the cause of action along with the exception of accord and satisfaction and res judicata.

4. The trial court erred on finding the 1-year statute of limitations bars the case against several defendants and by failing to allow an amendment to the pleading, given the doctrine of *contra non valentem agere non currit* is applicable to delictual actions.

5. The [trial] court erred on finding the case is barred against the defendant attorney under the 1-year statute of limitation created by [La.]R.S. 9:5605(A), considering allegations of fraud pleaded under [La.R.S.] 9:5605(E) nullifies the peremptive period created by Subsection A and makes provision for the application of doctrine *contra non valentem* as an exception to the 1-year time clock created for delictual actions.

6. The [trial] court erred on finding the pleadings and more definite statements articulated at the hearing illustrate the pleader made a judicial confession where the pleader did not allege or continue to allege an alternate position.

7. The [trial] court erred in considering evidence that was not properly offered, introduced, and admitted into evidence.

4

8.  The [trial] court erred concluding [sic] no cause or right of action exist [sic] due to the doctrine of accord, satisfaction, and res judicata considering the [trial] court did not examine the entire record on the compromise.

9.  The [trial] court erred by finding the case barred by ratification, considering evidence was not introduced to show full knowledge of all material facts on the payment and settlement of all claims.

10. The [trial] court erred by failing to order subpoenas be served on six witnesses provided by statute to pauper litigants which does not require a short summary of the expected testimony to be offered, introduced, and admitted in evidence.

11. The [trial] court erred by (1) denying a continuance to complete discovery and (2) denying subpoenas duces tecum of relevant documents germane to the facts of the case.

12. The [trial] court erred on implicitly finding sua sponte that citation is not required because a cause or right of action does not exist against several of the party-defendants.

13. The trial court erred on prohibiting an Amended and Supplemental Petition against the defendant attorney, considering the facts surfaced on receiving partial discovery.

(Footnote omitted) (citations omitted).

## OPINION

### *Assignment of Error Number One*

In his first assignment of error, Mr. Arvie argues that the trial court erred in denying his two motions to recuse the entire 14th JDC, arguing that "Louisiana does not tolerate *ex parte communications or unlawful acts* that are engaged [sic] during adversarial proceedings." We will address each motion separately.

The exclusive grounds under which a judge will be recused from hearing a matter are provided by La.Code Civ.P. art. 151, as follows:

A. A judge of any trial or appellate court shall be recused upon any of the following grounds:

(1) The judge is a witness in the cause.

(2) The judge has been employed or consulted as an attorney in the cause or has previously been associated with an attorney during the

5

latter's employment in the cause, and the judge participated in representation in the cause.

(3) The judge is the spouse of a party, or of an attorney employed in the cause or the judge's parent, child, or immediate family member is a party or attorney employed in the cause.

(4) The judge is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that the judge would be unable to conduct fair and impartial proceedings.

B. A judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner.

C. In any cause in which the state or a political subdivision thereof is interested, the fact that the judge is a citizen of the state or a resident of the political subdivision, or pays taxes thereto, is not a ground for recusal. In any cause in which a religious body or religious corporation is interested, the fact that the judge is a member of the religious body or religious corporation is not alone a ground for recusal.

The party seeking the recusal of a trial judge must file a motion "assigning the ground for recusal under Article 151[]" within thirty days of discovering the facts supporting the recusal prior to trial. La.Code Civ.P. art. 154(A). A motion that is untimely "or fails to set forth a ground for recusal under Article 151," may be denied by the trial court "without the appointment of an ad hoc judge or a hearing but shall provide written reasons for the denial." La.Code Civ.P. art. 154(C).

The present legal standard for the recusal of a trial judge is found in the *per curium* opinion of a panel of this circuit in *Daurbigney v. Liberty Personal Insurance Co.*, 18-929 (La.App. 3 Cir. 5/9/19), 272 So.3d 69. The panel in *Daurbigney* held that in order to recuse a judge from a case, the moving party was required to prove that "objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.' " *Id.* at 73 (quoting *Rippo v. Baker*, [580] U.S. [285], 137 S.Ct. 905, 907, 197 L.Ed.2d 167 (2017)). *See also State v. Daigle*, 18-634 (La. 4/30/18), 241 So.3d 999; [*State v.*] *LaCaze*, [16-234 (La. 3/13/18),] 239 So.3d 807.

*Menard v. Menard*, 19-580, pp. 19-20 (La.App. 3 Cir. 3/11/20), 297 So.3d 82, 95.

6

On appeal, a trial judge's ruling denying a motion to recuse will not be reversed absent an abuse of discretion. *Id.*

**First Recusal Motion**

Mr. Arvie's first motion, filed on December 28, 2021, mainly raised allegations pertaining to actions taken by deputy clerks in relation to his in forma pauperis status. We have reviewed the motion in its entirety and find only the following references to any judge of the 14th JDC:

> On Sept 3, 2021, Arvie hand delivered a Petition for Damages to the 14th JDC pursuant to La. R.S.22:1295. The Petition named GEICO Casualty and President O. M. Nicely as defendants. Arvie paid a $300 filing fee. Deputy Miller assigned the case to Judge Clayton Davis. She sent the Petition to duty Judge Derrick [K]ee for signing the attached order.
>
> . . . .
>
> On December 3, 2021, Judge Davis granted both the IFP Motion and Motion for Citation in "his own distinct personal handwriting."
>
> . . . .
>
> On or before December 13, 2021, a deputy Clerk or Judge Davis called Christian Chesson. Chesson was informed that Arvie had filed an Amended and Supplemental Complaint naming his secretary and himself as defendants. To be sure, Chesson and Patricia Fernandez (his secretary) called and spoke to Arvie for 24-minutes on 12/14/2021. Chesson asked Arvie to pursue only the claim against GEICO, Arvie's underinsured motorist carrier.
>
> . . . .
>
> On December 23, 2021, deputy Cole provided Arvie a BAR CODED copy of the Amended Petition. The ORDER bears the cursive handwriting of Judge Davis on the signature line. Yet an unidentified deputy crossed each paragraph seeking citation and then wrote the word DENIED in his/her personal handwriting. The handwriting is not that of Judge Clayton Davis.
>
> On December 23, 2021, deputy Cole provided Arvie a BAR CODED copy of the Amended and Supplemental Petition. It had not been submitted to Judge Davis or the duty Judge for citation. Cole refused to have the on-call duty Judge sign the pleading or allow Arvie to obtain the signature of the on-call duty Judge. Cole advised he would

7

present the pleading to Judge Davis on December 28, 2021. Judge Davis was out of the office.

(Footnote omitted) (paragraph numbers omitted) (citations omitted).

In summing up his recusal motion, Mr. Arvie alleged, "From all accounts, Arvie cannot have his case heard impartially. Under State law and the 14th Amendment of the Unites States Constitution, Arvie is entitled to an impartial judiciary to process, hear, and settle the controversial disputed facts." The trial court denied the motion on December 30, 2021.

We note, initially, that rather than moving to recuse the trial judge assigned to the matter, Judge Clayton Davis, Mr. Arvie sought to recuse the entire 14th JDC, as well as the Calcasieu Parish Clerk of Court's Office. However, we point out that the grounds for recusal set out in La.Code Civ.P. art. 151 apply only to judges, and we are not aware of any grounds by which a clerk of court or its deputy clerks may be recused from a matter.

After reviewing Mr. Arvie's motion, we find that it is devoid of any allegations, either general or specific, that remotely suggest that either Judge Davis or Judge Kee, the only two judges mentioned, were "biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that the judge would be unable to conduct fair and impartial proceedings[]" as per La.Code Civ.P. art. 151(A)(4). Furthermore, the motion contains no allegations that remotely approach facts showing that "there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner." La.Code Civ.P. art. 151(B). Nothing within the motion, objectively speaking, leads to the conclusion that the probability of actual bias on the part of Judge Davis, or any judge of the 14th JDC, is too high to be

8

constitutionally tolerable. Accordingly, as Mr. Arvie's motion fails to set forth any

ground for recusal under Article 151, we find that Judge Davis did not abuse his

discretion in failing to recuse himself, nor did he err in denying the motion without

the appointment of an ad hoc judge or a hearing.[5]

**Second Recusal Motion**

Mr. Arvie filed his second motion to recuse the 14th JDC on May 2, 2022. In

addition to including the same slightly edited factual scenario contained in his

December 28, 2021 motion, Mr. Arvie's factual assertions again centered on his in

forma pauperis status. The motion contains the following references made by Mr.

Arvie as to the judges on the 14th JDC:

> On Dec. 28, 2021, subsequent to talking to deputy Thomas Cole, Judge Davis reviewed the Supplemental Petition. He back dated the accompanying order to make it appear he had adjudicated the order on 12/23/2022.
>
> . . . .
>
> On December 30, 2021, Judge Davis reviewed the Motion for Recusal. Though the Motion relied on grounds of an "extrajudicial nature," Judge Davis contrarily refused to recuse himself. He ruled on the Motion without holding a hearing. He knew by doing so the defendants would be protected.
>
> On Jan. 5, 2022, at 8:30 AM, Arvie visited 14th JDC Judge [sic] Chambers to have duty Judge Michael Canaday set a return date on a Notice of Taking Writs from the orders signed on 12/08/21, 12/23/2021, 12/30/2021. The attended [sic] took the Notice, brought it to Judge Canaday, and did not stamp the Notice as having been received on 01/05/22. Arvie waited 25-minutes in the lobby. Judge Canaday talked with Judge Davis in the interim. He left the Notice with Judge Davis. The attended [sic] informed Arvie that Judge Canaday left the Notice Judge Davis [sic].
>
> On January 5, 2022, because Judge Davis did not return the Notice to Arvie for having the Clerk record a filing date, Arvie telephoned the Clerk at 4:15 PM. Arvie discovered Judge Davis had

---

[5] We note that while the record here shows no written reasons for the denial of the recusal as per La.Code Civ.P. art. 154(B), Plaintiff fails to assign error or argue this issue, and we do not consider it here. Uniform Rules—Courts of Appeal, Rule 1-3

not time stamped or filed the Notice with the Clerk at that point. Positive State law required he do so.

. . . .

On Jan. 6, 2021 [sic], after reviewing the facts alleged in a footnote in the Notice (talks Judge Davis and Judge Canaday had on January 5th), Judge Davis granted the January 5th Notice. He did not address the Notice filed on January 6th.

On Jan. 12, 2021 [sic], as a byproduct of the trial Court and the Clerk's effort to stop Arvie from proceeding pauper, Judge Davis relied on facts known to be false and then revoked Arvie's pauper status. He knew by doing so, Arvie would not be able to pursue the case, seek review of his recusal, or likewise. The attorneys failed to report the unethical conduct of Judge Davis to the appropriate authorities.

On Feb. 4, 2022, Arvie filed a Supervisory Writ with the Third Circuit Court of Appeals seeking review of the orders of 12/08/21, 12/23/21, and 12/30/2021. In view of *Kenner Reg'l Med. Ctr. vs. Mensingh*, 98-0186 (La. 1/22/98), 709 So.2d 684, the court did not grant an extension of time to supplement the Writ to take up the recusal issue. The court denied a timely pleading for a Stay Order.

On April 6, 2020 [sic], Arvie filed an Emergency Writ with the Louisiana Supreme Court, arguing that the Third Circuit ruling left Arvie status quo before the district court without evidence to refute defensive exceptions. The Writ otherwise asked the court to issue any order deemed appropriate based on the factual circumstances.

On April 8, 2022, the State Supreme Court issued a PER CURIAM opinion advising, in relevant part, that the court *should grant a reasonable continuance of the hearing on the exceptions in order to allow relator to present his opposition to the exceptions,* should the court reinstate pauper status.

On April 13, 2022, as also instructed, Judge Davis conducted a contradictory hearing and reluctantly reinstated the pauper status unopposed.

On April 13, 2022, the court also advised that a pretrial hearing date would be scheduled and sent by his office on the defendant's exceptions.

On April 13, 2022, Dusty Higgs (Judge Davis [sic] assistant) issued Notice. Higgs indicated the exceptions would be heard on 05/26/22. The court knowingly omitted issuing pretrial order providing a reasonable timeframe for the parties to conduct discovery, file necessary motions to compel discovery, or likewise.

. . . .

On April 29, 2022, at 11: 34 AM, Arvie received Notice from Judge Davis by EMAIL stating the Motion for Continuance and Subpoenas would be heard with the exceptions. He knowingly omitted an Order directing the clerk to accept and file the Motion to Compel Discovery. Judge Davis knew the omission would cause harm.

(Footnotes omitted) (paragraph numbers omitted) (citations omitted).

In requesting the recusal, Mr. Arvie alleged, "From all accounts, the underlying 'illegal acts' and 'ex parte talks' described herein divulged that Judge Davis and Clerk harbors an indwelling prejudice." In its May 11, 2022 denial of the motion, the trial court's order included the following handwritten notation: "Fails to set forth a ground for recusal under [La.Code Civ.P.] Art. 151."

As we have already found no abuse of discretion on the part of Judge Davis in denying the December 28, 2021 motion to recuse, we will not revisit those facts. As to the remaining factual assertions, we do not find that any of the actions taken by Judge Davis or Judge Canaday were illegal as alleged by Mr. Arvie. Nor do we find that the alleged discussion that took place between Judges Davis and Canaday on January 5, 2022, or between Judge Davis and the deputy clerks, qualified as an ex parte communication, which is defined as "[a] communication between counsel or a party and the court when opposing counsel or party is not present." BLACK'S LAW DICTIONARY (11th ed. 2019). Moreover, we note that the trial judge "is vested with inherent power to maintain control of its docket and in case management." *Elysian, Inc. v. Neal Auction Co., Inc.*, 20-674, 20-675, p. 17 (La.App. 4 Cir. 7/21/21), 325 So.3d 1075, 1087. A trial judge is further vested with "broad discretion in regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse of that discretion." *Bell v. Treasure Chest Casino, L.L.C.*, 06-1538, pp. 3-4 (La. 2/22/07), 950 So.2d 654, 656.

After reviewing the recusal motion, we find nothing in it, objectively speaking, that would lead to the conclusion that the probability of actual bias on the

11

part of Judge Davis or Judge Canaday is too high to be constitutionally tolerable. Accordingly, as Mr. Arvie's motion fails to set forth any ground for recusal under Article 151, we find that Judge Davis did not abuse his discretion in failing to recuse himself, nor did he err in denying the motion without the appointment of an ad hoc judge or a hearing. Thus, we dismiss this assignment as being without merit.

### Assignment of Error Number Four

In his fourth assignment of error, Mr. Arvie argues that the trial court erred in sustaining the peremptory exception of prescription in favor of the DeJeans based on objections made by him raising the doctrine of contra non valentem. We disagree.

A delictual action, such as Mr. Arvie's claim against the DeJeans, is subject to a one-year liberative prescription, which "commences to run from the day the injury or damage is sustained." La.Civ.Code art. 3492.

> The exception of prescription is governed by La.Code Civ.P. art. 927. The standard of review of a grant of an exception of prescription is determined by whether evidence was adduced at the hearing of the exception. If evidence was adduced, the standard of review is manifest error; if no evidence was adduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. *Allain v. Tripple B Holding, LLC*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278. The party pleading the exception of prescription bears the burden of proof unless it is apparent on the face of the pleadings that the claim is prescribed, in which case the plaintiff must prove that it is not. *Id.*

*Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043.

Upon review, we find it apparent on the face of the pleadings that Mr. Arvie's claim against the DeJeans has prescribed. The accident at issue occurred on September 6, 2019. In light of the thirty-day emergency suspension of prescription ordered by Governor John Bel Edwards between August 21–September 20, 2020, Mr. Arvie's claim against GEICO would have prescribed on October 7, 2020. Thus, his claim against the DeJeans had already prescribed before his suit against GEICO

12

was instituted on September 3, 2021. Accordingly, the burden shifted to Mr. Arvie to prove that his claim had not prescribed.

Although Mr. Arvie argues the doctrine of contra non valentem, he submitted no evidence at the hearing on the exception in support of his claim. While exhibits were attached to his opposition memorandum, Mr. Arvie did not file them into the record at the hearing on the exception. Thus, they may not be considered on appeal. Mr. Arvie further argues that the evidence contained in the record supports his claim of contra non valentem. However, "[e]vidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Moreover, "[o]nce a cause of action is extinguished by prescription, a subsequent timely suit against alleged solidary obligors will not revive the prescribed action." *Id.* at 89. Thus, we find that the trial court did not legally err in finding that Mr. Arvie's claim against the DeJeans had prescribed. Based on this finding, we need not address the trial court's grant of the exception of res judicata. Accordingly, the judgment of the trial court sustaining the peremptory exception of prescription in favor of the DeJeans is affirmed.

### *Assignment of Error Number Eight*

In his eighth assignment of error, Mr. Arvie argues that the trial court erred in sustaining the DeJeans' and Mr. Chesson's "exception of no cause or no right of action based on res judicata and accord and satisfaction." However, as the exception of no cause of action was filed by Mr. Chesson, the judgment sustaining the exception was rendered in his favor alone.

The law pertaining to the exception of no cause of action was set forth in *Ramey v. DeCaire*, 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 118-19, as follows:

13

A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Id.* at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Jackson v. State ex rel. Dept. of Corrections*, 00-2882, p. 3 (La. 5/15/01), 785 So.2d 803, 806; *Everything on Wheels Subaru*, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Montalvo v. Sondes*, 93-2813, p. 6 (La. 5/23/94), 637 So.2d 127, 131.

Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854 cmt. (a); *Montalvo* at p. 6, 637 So.2d at 131. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. *Kizer v. Lilly*, 471 So.2d 716, 719 (La.1985). However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action. *Montalvo* at p. 6, 637 So.2d at 131.

The burden of demonstrating that the petition states no cause of action is upon the mover. *City of New Orleans v. Board of Com'rs of Orleans Levee Dist.*, 93-0690, p. 28 (La. 7/5/94), 640 So.2d 237, 253. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. *Fink v. Bryant*, 01-0987, p. 4 (La. 11/28/01), 801 So.2d 346, 349; *City of New Orleans* at p. 28, 640 So.2d at 253. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. *City of New Orleans* at p. 29, 640 So.2d at 253.

In order to allege a cause of action for legal malpractice, a plaintiff must allege facts establishing that "(1) there was an attorney-client relationship, (2) the attorney was negligent in the representation of the client, and (3) the negligence caused the plaintiff some loss." *Stelly v. Morrow, Morrow Ryan & Basset*, 10-1353, p. 5 (La.App. 3 Cir. 4/13/11), 62 So.3d 336, 339, *writ denied*, 11-1222 (La. 9/23/11), 69 So.3d 1160. A plaintiff, whose petition establishes that they were "in the same legal position before and after the attorney is removed from the representation," fails to

14

state a cause of action for legal malpractice as they will not be able to prove they suffered a loss as a result of the attorney's negligence. *Id.*

In its May 27, 2022 written reasons, the trial court stated:

> The plaintiff has not stated a valid cause of action against Christian Chesson. The attorney-client relationship between Arvie and Chesson ended on August 26, 2021. Prior to his discharge, Chesson had settled the plaintiff's liability claim with Louisiana Farm Bureau Casualty Insurance Company. The prescriptive period on the plaintiff's potential UM claim against Geico [sic] Casualty Company had not yet expired. The plaintiff suffered no damages due to Chesson's actions/inactions because the plaintiff filed his UM claim before the claim was prescribed.

Mr. Arvie's petitions establish that his UM claim against GEICO was still viable when he discharged Mr. Chesson on August 26, 2021, and that he did, in fact, file his UM claim against GEICO within the two-year prescriptive period. As Mr. Arvie was in the same legal position before and after Mr. Chesson's discharge, the judgment of the trial court finding that he failed to state a cause of action for legal malpractice is affirmed. Based on this finding, we need not address the exception of no right of action. As these findings as a whole render the remaining assignments of error moot, we will not address them.

## DECREE

For the foregoing reasons, the judgments of the trial court sustaining the peremptory exception of prescription in favor of Mark and Merric DeJean and the peremptory exception of no cause of action in favor of Christian D. Chesson are affirmed. Costs of this appeal are assessed against Hubert Arvie.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

15