PICKERING, J., concurring in part and dissenting in part:
I would remand not just for discovery and an evidentiary hearing but also briefing and argument on the mandate rule as it applies to Rippo's judicial bias claim. It may be, as my colleagues hold, that Rippo cannot prevail without establishing ineffective assistance of first postconviction counsel. But that is not clear from the Supreme Court's opinion reversing our prior decision rejecting Rippo's judicial bias claim. Rippo v. Baker, 580 U.S. ----, 137 S.Ct. 905, 197 L.Ed.2d 167 (2017). Another, also supportable reading of the Supreme Court's Rippo opinion is that, because a judge's unconstitutional failure to recuse violates due process and constitutes structural error, see Williams v. Pennsylvania, 579 U.S. ----, ----, 136 S.Ct. 1899, 1909, 195 L.Ed.2d 132 (2016), and because our now vacated decision resolved Rippo's appeal partly based on law-of-the-case, see Rippo v. State, 132 Nev. 95, 117-18, 368 P.3d 729, 744 (2016), vacated sub nom . Rippo v. Baker, supra , Rippo may be entitled to a new trial if he can show the State defeated Rippo's original judicial bias claim by falsely denying its involvement in the investigation of the judge. See Foster v. Chatman, 578 U.S. ----, ----, 136 S.Ct. 1737, 1742-43, 195 L.Ed.2d 1 (2016) (reversing state supreme court order denying habeas corpus relief to a death-penalty defendant based on post-conviction evidence demonstrating the State defeated the defendant's original Batson challenge by misrepresenting the true bases for its peremptory challenges); cf. also Wearry v. Cain, 577 U.S. ----, ----, 136 S.Ct. 1002, 1008, 194 L.Ed.2d 78 (2016) (summarily reversing state court decision denying post-conviction relief and noting that, "[t]he alternative to granting review, after all, is forcing Wearry to endure yet more time on Louisiana's death row in service of a conviction that is constitutionally flawed"). We compound the problem by opining-in advance of discovery and an evidentiary hearing-on what trial and appeal counsel knew or should have known, and when, about the facts underlying the judicial bias claim. Cf. Echavarria v. Filson, 896 F.3d. 1118, 1132 (9th Cir. 2018) (affirming district court's grant of federal habeas relief based on implied judicial bias claim) (discussing Rippo ).
*1114 The mandate rule requires us to adhere to what the Supreme Court decided expressly or by necessary implication. See 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 4478.3 (2d ed. 2002). Error by a subordinate court in interpreting the mandate may lead to further proceedings, including reversal. See id ., at 734-36 nn.4-5 (collecting cases). Because the proper interpretation of the Supreme Court's mandate in Rippo is not clear, I would not reissue our vacated opinion and limit the scope of the proceedings on remand to the district court, particularly not without input from the parties. If we are wrong in our interpretation of the mandate, additional delay and yet further proceedings, including additional discovery and even reversal, may result.
To avoid these risks, I would remand to the district court for discovery, an evidentiary hearing, and briefing and argument on Rippo's judicial bias claims, consistent with the Supreme Court's mandate in Rippo . I therefore concur in part and dissent in part.