NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CM 21-228

LYDIA MCCOY

VERSUS

KYLE POULICEK

**********

APPEAL FROM THE
FIRST CIRCUIT COURT OF APPEAL, STATE OF LOUISIANA
PARISH OF BATON ROUGE, NO. 2020-CA-1074
HONORABLE LISA WOODRUFF-WHITE, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT

JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Jonathan W. Perry, Judges.

MOTION FOR RECUSAL AND CHANGE OF VENUE DENIED.

Lydia McCoy
In Proper Person
3055 NW Yeon Avenue, #6315
Portland, OR 97210
COUNSEL FOR PLAINTIFF/APPELLANT:
    Lydia McCoy

**Kyle Poulicek**
**In Proper Person**
**1885 North 3rd St.**
**Baton Rouge, LA 70802**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Kyle Poulicek**

**PICKETT, Judge.**

In this matter, pro se Appellant-Plaintiff, Lydia McCoy, filed in the First Circuit Court of Appeal, a Motion for Recusal and Change of Venue, wherein she seeks the disqualification of the entire First Circuit Court of Appeal and to have the matter transferred to another appellate court or to a court outside of Louisiana. The motion was then transferred to this court for consideration by order of the Louisiana Supreme court dated April 6, 2021. For the reasons discussed herein, we deny the motion.

In her brief to the court, Appellant makes numerous assertions which allegedly demonstrate extreme prejudice against her and deeply seated favoritism towards her batterer, Kyle Poulicek, Appellee-Defendant. Appellant states, "To advance their conspiratorial agenda, the public officials, involved in the official crime cover-up, have been injuring public records, lying under oath and while sitting in their black robes and purporting to be performing 'judicial functions,' falsifying, fabricating, and unseeing evidence – all the while duping and abusing Plaintiff." More specifically:

1. The First Circuit has been unlawfully and artificially suppressing the appeal in the matter, while acting in concert with public officials;

2. When Appellant requested and purchased a copy of the record on appeal, she received an old filing that pertained to a previously filed supervisory writ. She then purchased a copy a second time on January 22, 2021, and as of February 1, 2021, she had not received it;

3. The First Circuit ordered her to submit another brief when she has already submitted two briefs; and

4. When Appellant filed a writ application, the First Circuit would not accept it and kept returning it, requiring proof of timeliness, etc. When the writ application was finally accepted, it was pending for many months and then denied as untimely or insufficient.

Pursuant to La.Code Civ.P. art. 151(A)(4), "[a] judge of any court, trial or appellate, shall be recused when he . . . [i]s biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that he would be unable to conduct fair and impartial proceedings." This court in *Daurbigney v. Liberty Personal Insurance Company*, 18-929, pp. 4-5 (La.App. 3 Cir. 5/9/19), 272 So.3d 69, explained:

> In recent years, . . . the United States Supreme Court has issued several opinions changing the initial inquiry from one of proof of actual specific bias on the part of the trial judge at issue to an objective standard. At least since *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), *Caperton v. A.T. Massey Coal Co., Inc.* 556 U.S. 868, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009), and *Rippo v. Baker*, —— U.S. ——, 137 S.Ct. 905, 197 L.Ed.2d 167 (2017), the United States Supreme Court has held as a matter of constitutional law that the judge hearing the recusal motion must use an objective standard. The only constitutionally permissible inquiry to be applied at the recusal hearing is, "objectively speaking, 'the **probability** of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" *Rippo*, —— U.S. at ——, 137 S.Ct. 905 (emphasis added).

Appellant concludes that in the instant case, the facts clearly point to the prejudice against her and demonstrate favoritism toward Appellee that supersedes an appearance of impropriety. Appellant states that Appellee is an employee of the Louisiana Department of Justice. Since Appellee has the ability to obstruct federal and state courts, Appellant concludes that this matter should be transferred to an appellate court outside of Louisiana where the case can be decided by an impartial tribunal.

In *In re Eleanor Pierce (Marshall) Stevens Living Trust*, 17–111, 17-112, p. 13 (La.App. 3 Cir. 10/4/17), 229 So.3d 36, 47, *writ denied*, 17-1868 (La. 1/29/18), 233 So.3d 613, this court explained:

> Significantly, Article 151 "do[es] not include a 'substantial appearance of the possibility of bias' or even a 'mere appearance of impropriety' as causes for removing a judge from presiding over a given action." *Slaughter* [*v. Board of Sup'rs of Southern Univ.*, 10-1114 (La.App. 1 Cir. 8/2/11), 76 So.3d 465, 471, *writ denied*, 11-2112 (La. 1/13/12), 77 So.3d 970]. It instead requires a finding of actual bias or prejudice that is of a substantial nature, and not one based on merely

conclusory allegations. *Covington v. McNeese State Univ.*, 10-0250 (La. 4/5/10), 32 So.3d 223. Furthermore, and as a foundational point, it is important to recall that "[a] judge is presumed to be impartial." *Slaughter*, 76 So.3d at 471.

We note that Appellant cites to clerical events surrounding the filing of a writ application and briefs, and the purchasing of records as objective evidence that the judges of the First Circuit could not be impartial in hearing her appeal. Further, there are no exhibits attached to Appellant's brief to support her claims. Consequently, we find no objective evidence of the First Circuit being biased or demonstrating a lack of impartiality in the instant appellate proceeding.

The grounds for a change in venue are set forth in La.Code Civ.P. art. 122, which reads: "Any party by contradictory motion may obtain a change of venue upon proof that he cannot obtain a fair and impartial trial because of the undue influence of an adverse party, prejudice existing in the public mind, or some other sufficient cause. If the motion is granted, the action shall be transferred to a parish wherein no party is domiciled."

Appellant states that she seeks a change in venue because the case should be decided by an impartial tribunal. In addition to the fact that we find no bias or a lack of impartiality on behalf of the First Circuit, we find that an impartial tribunal is not a ground for a change in venue under Article 122. Accordingly, we deny Appellant's Motion for Recusal and Change of Venue.

**MOTION FOR RECUSAL AND CHANGE OF VENUE DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.