IN THE SUPREME COURT OF THE STATE OF NEVADA

KATHERINE DEE FLETCHER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82047

FILED

AUG 25 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

As relevant to this appeal, the State charged appellant Katherine Fletcher in 2016 by information with first-degree murder with the use of a deadly weapon. The jury convicted Fletcher on that charge and the court sentenced her to life without the possibility of parole with a consecutive sentence of 8-to-20 years for the deadly weapon enhancement. Fletcher appeals, contending that the district court (1) violated her due-process rights by refusing to disqualify Judge Walker, and (2) abused its discretion when it allowed the State to introduce statements she gave to her medical expert after she withdrew her not-guilty-by-reason-of-insanity plea.

*The district court did not abuse its discretion when it denied Fletcher's motion to disqualify Judge Walker*

Relying on the Fourteenth Amendment's Due Process Clause, Fletcher asserts that "Judge Walker's various comments about and characterizations of Fletcher" based on his knowledge of her unrelated family court cases "built up to the [objective] level of potential or perceived bias that warrants disqualification or recusal." She also argues that Judge Walker's comments made during trial "made clear the danger that [Judge

22-26610

Walker] would not be able to hold the clear balance between the State and Fletcher." We disagree.

We review a decision regarding a motion to disqualify a judge for an abuse of discretion. *Ivey v. Eighth Judicial Dist. Court*, 129 Nev 154, 162, 299 P.3d 354, 359 (2013). Under the Due Process Clause, "[r]ecusal is required when, objectively speaking, 'the probability of actual bias on the part of the judge . . . is too high to be constitutionally tolerable.'" *Rippo v. Baker*, 580 U.S. 285, ___, 137 S. Ct. 905, 907 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Of note, the Due Process Clause "sometimes demand[s] recusal even when a judge 'ha[s] no actual bias.'" *Id.* (quoting *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 825 (1986)). The test is "not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, 'the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias.'" *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) (quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009)). While various statutes and judicial codes of conduct "provide more protection than due process requires," the due-process standard is "confined to *rare instances*."[1] *Caperton*, 556 U.S. at 890 (emphasis added).

As evidence of bias, Fletcher points to Judge Walker's pretrial remark where he said to her, "I questioned as your presiding judge in the child welfare case your competency, let alone your competency in a—in the context of the most serious criminal allegations that can be lodged against a human being." He made that observation in the context of a sealed *Young*

---

[1]Fletcher relied only on the Due Process Clause in seeking Judge Walker's recusal. Thus, we address whether due process required Judge Walker's disqualification, and not whether other bases for recusal existed.

*v. State*, 120 Nev. 963, 102 P.3d 572 (2004), hearing in which he was evaluating Fletcher's request to replace her attorney, and he denied the request in part because he reasoned that Fletcher's attorney appropriately questioned Fletcher's competency. That comment alone does not rise to the extraordinary level necessary to implicate a due-process violation, i.e., it does not demonstrate an unconstitutionally high risk of bias or that Judge Walker had a stake in the outcome of Fletcher's criminal case.[2] Indeed, judges have an obligation to question competency if a reasonable doubt as to the defendant's competency arises during litigation. *See Goad v. State*, 137 Nev. 167, 185, 488 P.3d 646, 662 (Ct. App. 2021) ("[A] trial court must order a hearing sua sponte to determine whether a defendant is competent when there is reasonable doubt about his or her competency.").

Fletcher also takes issue with statements Judge Walker made during a sealed hearing on her mid-trial *Young* motion.[3] While Judge

---

[2]Fletcher has the burden to show recusal is warranted. *Ybarra v. State*, 127 Nev. 47, 51, 247 P.3d 269, 272 (2011). Fletcher, relying on portions of the hearing transcript, cut at unnatural intervals, and thus lacking context, failed to show that Judge Walker's remarks presented an unconstitutionally high risk of bias requiring his recusal. *See id.* (observing that the party asserting a challenge against a judge must establish sufficient factual grounds to support disqualification); *see also Prabhu v. Levine*, 112 Nev. 1538, 1549, 930 P.2d 103, 111 (1996) (explaining that "[i]t is the appellant's responsibility to ensure that the record on appeal contains the material to which exception is taken" and holding that "[i]f such material is not contained in the record on appeal, the missing portions of the record are presumed to support the district court's decision" (quoting *Riggins v. State*, 107 Nev. 178, 182, 808 P.2d 535, 538 (1991), *rev'd on other grounds*, 504 U.S. 127 (1992))).

[3]Fletcher does not explain specifically what comments amounted to an "angered rebuke of Fletcher," but she appears to refer to comments Judge Walker made when he denied her motion to substitute counsel.

Walker referenced his familiarity with Fletcher from the prior hearings and family court cases, he denied her motion to substitute counsel because she "offered no facts and no assertions which justify an irreconcilable breakdown" beyond her "own choice[ ] . . . to be mean to your attorney, for lack of a better term," which he determined did not rise to an irreconcilable conflict warranting new counsel under *Young*. Thus, although he referenced his prior experience with Fletcher, Judge Walker relied on the facts in the instant case and the appropriate standard under *Young* in denying her motion to substitute counsel.

Moreover, the statements as a whole do not rise to the exceptional level warranting disqualification under the Due Process Clause. While Judge Walker acknowledged that he was the family-court judge who approved the plan to terminate Fletcher's custodial rights, that did not give him an interest in the resolution of this criminal case because it is a separate legal proceeding.[4] *Cf. In re Murchison*, 349 U.S. 133, 135, 137 (1955) (concluding that a judge who charged two petitioners with contempt

---

[4]Fletcher appears to claim that she signed a stipulation for Judge Walker to determine her sentence only because of Judge Walker's "scolding." However, the comments Fletcher perceives as "scolding" do not warrant recusal. Judge Walker informed the jury that he would impose Fletcher's sentence after the parties orally stipulated to that sentencing arrangement. When Judge Walker requested a signed stipulation to that effect, Fletcher refused to do so. Judge Walker informed Fletcher that he was "concern[ed]" that her decisions were a "tactical choice" to "delay" the proceedings and asked her to consider that her waffling about who should impose a sentence may present poorly with the jurors and reflect in their sentencing decision. Judge Walker assured Fletcher that "any sentence [he] would impose would not be because of passion, prejudice, sympathy, revenge or otherwise." These statements do not reference Fletcher's prior cases or otherwise indicate bias warranting his disqualification on due process grounds.

and/or perjury and "then tried both petitioners in open court, [and] convicted and sentenced them," should have been disqualified because "[h]aving been a part of [the one-man judge-grand jury] process a judge cannot be, in the very nature of things, wholly disinterested in the conviction or acquittal of those accused"). Thus, the facts here do not present one of the "rare instances" where the Due Process Clause requires the judge's disqualification. *See Caperton*, 556 U.S. at 890.

Fletcher's reliance on *Echavarria v. Filson*, 896 F.3d 1118 (9th Cir. 2018), is unavailing. In *Echavarria*, the defendant attempted to rob a Las Vegas bank, and killed FBI agent John Bailey during the robbery. *Id.* at 1120. The FBI was intimately involved in Echavarria's investigation and prosecution. *Id.* at 1120-21. Judge Jack Lehman presided over Echavarria's case. *Id.* at 1123. Agent Bailey had previously investigated Judge Lehman for corruption, fraud, and perjury, but Echavarria was unaware of this until after his trial and sentencing. *Id.* at 1123-25. In resolving the disqualification issue on appeal, the court held that Judge Lehman's failure to recuse himself violated Echavarria's due process rights because "[a]n average judge in [Judge Lehman's] position would have feared that rulings favoring Echavarria, tipping the outcome towards acquittal or a sentence less than death, could cost him his reputation, his judgeship, and possibly his liberty." *Id.* at 1131. The facts here do not support a finding that any rulings in favor of Fletcher would risk Judge Walker's career, reputation, or freedom. Rather, Judge Walker engaged in routine judicial actions and, in fact, made several rulings favorable to Fletcher, such as granting her initial *Young* motion. There is no showing of a personal stake in the outcome of this case on the part of Judge Walker that would be comparable to that of Judge Lehman, and thus, *Echavarria* does not support

SUPREME COURT
OF
NEVADA

(O) 1947A

disqualification here.  Therefore, based on all of the above, we conclude that the district court did not abuse its discretion by denying Fletcher's motion to disqualify Judge Walker.

*The district court did not abuse its discretion when it admitted as evidence statements Fletcher made during a psychological examination, along with the doctor's notes regarding those statements*

Fletcher asserts that the district court's order allowing the State to present statements she made in her psychological evaluation after she entered a not-guilty-by-reason-of-insanity plea violated her Fifth Amendment right against self-incrimination.  Fletcher later withdrew that plea.  She contends that the error was not harmless because her statements were the only evidence the State presented to show that Fletcher had a gun on the day of the killing.

The district court's order did not run afoul of Fletcher's due-process rights because she voluntarily made the statements to her own expert and did not make them as part of a court-ordered psychiatric evaluation.  *Estelle v. Smith*, 451 U.S. 454, 469 (1981) (recognizing that "[v]olunteered statements . . . are not barred by the Fifth Amendment," and such statements may be admitted as evidence (omission in original)) (quoting *Miranda v. Arizona*, 384 U.S. 436, 478 (1966)).  Fletcher initially entered a not-guilty-by-reason-of-insanity plea on February 13, 2019.  The State moved for a mental examination of Fletcher on February 22, which the court granted on May 24.  Fletcher concedes that she provided the at-issue statements to Dr. Melissa Piasecki before the court-ordered psychiatric evaluation by a different evaluator, and Dr. Piasecki evaluated Fletcher at Fletcher's request.  Thus, Fletcher's statements were not compelled and were not protected by the Fifth Amendment.  *See McKenna v. State*, 98 Nev. 38, 39, 639 P.2d 557, 558 (1982) (recognizing that the Fifth

Amendment prohibits the State from using a defendant's confidential statements made during a court-ordered psychiatric evaluation to obtain a conviction). Accordingly, we conclude that the district court did not abuse its discretion when it admitted the statements Fletcher made to Dr. Piasecki.[5] *McLellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (applying an abuse of discretion standard to district court decisions to admit or exclude evidence).[6]

Based on the foregoing, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

---

[5]Given that Fletcher failed to provide cogent argument or relevant authority in support of her various remaining arguments against the statements' admissibility, we are not persuaded that those arguments warrant reversal. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (explaining that appellate courts will not consider claims unsupported by cogent argument and relevant authority).

[6]We are not persuaded by the State's assertion that plain error review should apply to the district court's evidentiary decision.

cc:    Hon. Egan K. Walker, District Judge
       Oldenburg Law Office
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A