| | |
|---|---|
| STATE OF LOUISIANA | NO. 23-K-406 |
| VERSUS | FIFTH CIRCUIT |
| ARMANDE TART | COURT OF APPEAL |
| | STATE OF LOUISIANA |

*Susan Buchholz*
April 05, 2024

Susan Buchholz
Chief Deputy Clerk

## ON APPLICATION FOR REHEARING

Panel composed of Susan M. Chehardy,
Stephen J. Windhorst, and Timothy S. Marcel

## GRANTED FOR LIMITED PURPOSE

**SJW**
**SMC**
**TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

**WINDHORST, J.**

The State of Louisiana petitions this court for a limited rehearing of our March 20, 2024 decision, which affirmed the trial court's July 19, 2023 ruling denying defendant Armande Tart's motion to recuse the bench of the 24th Judicial District Court. Specifically, the State requests this court grant its application for rehearing for the limited purpose of correcting our prior March 20, 2024 decision to reflect the correct law and jurisprudence for recusal under La. C.Cr.P. art. 671, instead of La. C.C.P. art. 151. Defendant does not oppose the request for rehearing based on the State's limited grounds. We agree. Therefore, we grant the State's unopposed application for rehearing for the limited purpose of correcting and incorporating in our prior decision the relevant criminal law and jurisprudence under La. C.Cr.P. art. 671. In all other respects, our prior decision remains the same. Accordingly, our March 20, 2024 decision is amended and restated in its entirety as follows.

Relator, Armande Tart, seeks review of the trial court's July 19, 2023 ruling denying his motion to recuse the entire bench of the 24th Judicial District Court ("24th JDC"). Relator contends the trial court erred in denying the motion because Judge Donald Rowan's familial relationship with a decedent in this homicide case establishes a substantial and objective basis that prevents his colleagues from conducting the proceedings in a fair and impartial manner.

**PROCEDURAL HISTORY and FACTS**

Relator was charged with four counts of first degree murder, one count of attempted first degree murder, and one count of obstruction of justice. One of the deceased victims, Harold Frisard, is the first cousin of Judge Rowan. Relator filed a motion to recuse the trial court and the entire bench of the 24th JDC. On August 9, 2022, Judge Brindisi recused himself based on his close friendship with Judge Rowan and the fact that he would have met the decedent's mother at family functions held by Judge Rowan's family. Judge Brindisi granted relator's request to have an

*ad hoc* judge appointed for further proceedings.[1]  Relator subsequently filed a supplemental motion to recuse and a second supplemental motion to recuse wherein relator contended that a substantial and objective basis existed for the recusal of the entire bench of the 24th JDC pursuant to La. C.Cr.P. art. 671 B.

Judge Franz Zibilich was assigned *ad hoc* by the Louisiana Supreme Court to hear relator's motion to recuse the entire bench of the 24th JDC.  On September 8, 2022, at relator's motion to recuse hearing, Judge Zibilich disclosed that he had a dating relationship with the First Assistant District Attorney of the 24th JDC. Defense counsel orally moved to recuse Judge Zibilich, which was denied.

During the hearing, Judge Rowan testified that (1) he was estranged from his first cousin, Harold Frisard; (2) the last time he saw Harold was in 2005 or 2006; (3) he was not close with Harold; (4) they did not care for one another and they did not get along; (5) he did not become aware Harold was killed until sometime in 2017; (6) he did not go to Harold's funeral; (7) he did not discuss his relationship with Harold with any member of the bench at the 24th JDC nor did he attend any hearings or proceedings in this case; (8) he keeps his private life private; and (9) Harold's mother never attended his annual crawfish boil at his house wherein some members of the bench have attended.  After argument of counsel, Judge Zibilich denied relator's motion to recuse the entire bench of the 24th JDC but ordered Judge Rowan's recusal.[2]

Relator applied to this court for supervisory writs contending that Judge Zibilich erred in denying the oral motion to recuse himself and erred in granting his motion to recuse as to Judge Rowan only and not the remaining judges on the bench of the 24th JDC.  This court pretermitted relator's second assignment of error and

---

[1] While relator's motion to recuse the bench of the 24th JDC was pending, the case was re-allotted to Division B, Judge Christopher Cox.  Judge Cox filed an order recusing himself.

[2] Although both the State and defense counsel informed Judge Zibilich that the recusal at issue was not as to Judge Rowan, but the recusal of the bench of the 24th JDC, Judge Zibilich found that if the case was allotted to Judge Rowan, it would be a mandatory recusal and thus, ordered Judge Rowan's recusal.

found that Judge Zibilich was required to recuse himself or refer the motion for hearing to another judge or to an *ad hoc* judge. State v. Tart, 22-439 (La. App. 5 Cir. 09/29/22), 350 So.3d 596, 598.

The Louisiana Supreme Court appointed Judge Donald M. Fendlason *ad hoc* to hear relator's motion to recuse Judge Zibilich. After a hearing, Judge Fendlason granted relator's motion to recuse Judge Zibilich. On June 8, 2023, the Louisiana Supreme Court issued an amended order assigning Judge Fendlason *ad hoc* for the purpose of hearing and disposing relator's motion to recuse the entire bench of the 24th JDC.

On July 19, 2023, a hearing on relator's motion to recuse was held. The State submitted a copy of the transcript of Judge Rowan's prior testimony at the September 8, 2022 hearing, and the State and defense counsel argued and submitted the matter. Judge Fendlason denied relator's motion to recuse the entire bench of the 24th JDC. This writ application followed.

In this writ application, relator contends the entire bench of the 24th JDC should be recused due to the familial relationship between one of their judges and one of the decedents in this homicide case pursuant to La. C.Cr.P. art. 671 A(6) and 671 B, the judicial canons and recent decisions from this court and the Louisiana Supreme Court. Relator asserts that (1) the judges in the 24th JDC associate closely with one another; (2) their chambers and courtrooms are in the same courthouse; (3) they consult with one another to decide a myriad of issues concerning the administration of the court and oversight of the court, including electing a chief judge, holding regular meetings, and working together in committees; and (4) they administer and oversee programs essential to the administration of justice. Relator avers that as a part of their professional obligations, the 24th JDC judges are regularly called upon to interact with and collaborate with each other, to deliberate and to vote on matters concerning the district court.

23-K-406                                                        3

Relator contends an *ad hoc* judge does not share such a "close bond." He asserts Judge Rowan's colleagues on the 24th JDC bench will be unable to try the case fairly and impartially due to their close professional association with him. Moreover, relator alleges that having one of Judge Rowan's colleagues preside over a trial seeking to assign culpability for the killing of his cousin tends to undermine public confidence in the integrity and impartiality of the judiciary. Consequently, relator seeks recusal of the entire bench of the 24th JDC and the appointment of an *ad hoc* judge to reside over this case.

**LEGAL STANDARD FOR RECUSAL and ANALYSIS**

A trial judge is presumed to be impartial, and the burden is on the party seeking to recuse a judge to prove otherwise. State v. Sly, 23-60 (La. App. 5 Cir. 11/02/23), 376 So.3d 1047, 1096; State v. Gatewood, 12-281 (La. App. 5 Cir. 10/30/12), 103 So.3d 627, 637; State v. Strickland, 04-843 (La. App. 5 Cir. 03/01/05), 900 So.2d 885, 893, writ denied, 05-820 (La. 06/17/05), 904 So.2d 683.

La. C.Cr.P. art. 671 provides in pertinent part:

A. In a criminal cause, a judge of any trial or appellate court shall be recused upon any of the following grounds:

(1) The judge is biased, prejudiced, or personally interested in the cause to such an extent that the judge would be unable to conduct a fair and impartial trial.

(2) The judge is the spouse of the accused, of the party injured, of an attorney employed in the cause, or of the district attorney; or is related to the accused or the party injured, or to the spouse of the accused or party injured, within the fourth degree; or is related to an attorney employed in the cause or to the district attorney, or to the spouse of either, within the second degree.

(3) The judge has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause.

(4) The judge is a witness in the cause.

(5) The judge performed a judicial act in the cause in another court.

(6) The judge would be unable, for any other reason, to conduct a fair and impartial trial.

The grounds set forth in La. C.Cr.P. art. 671 are exclusive, not illustrative. State v. Galliano, 05-962 (La. App. 5 Cir. 8/29/06), 945 So.2d 701, 727-28, writ denied, 06-2367 (La. 4/27/07), 955 So.2d 682; In re Lemoine, 96–2116 (La.01/14/97), 686 So.2d 837, 843, on reh'g, 96–2116 (La. 04/04/97), 692 So.2d 358. The grounds for recusal based on bias, prejudice, or personal interest must amount to more than conclusory allegations. State v. Galliano, 05-962 (La. App. 5 Cir. 8/29/06), 945 So.2d 701, 727-28, writ denied, 06-2367 (La. 4/27/07), 955 So.2d 682; State v. Davis, 00–1753 (La. App. 5 Cir. 4/24/01), 786 So.2d 834, 843, writ denied, 01–1467 (La.4/26/02), 816 So.2d 846. Recusal is required when, objectively speaking, "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." State v. Bartie, 20-1021 (La. 11/04/20), 303 So.3d 628, *citing* Rippo v. Baker, 580 U.S. 285, 287, 137 S.Ct. 905, 907, 197 L.Ed.2d 167 (2017); State v. LaCaze, 16-234 (La. 03/13/18), 239 So.3d 807, 813.

In the case before this court, mover has not offered any evidence to support any ground for recusal, but suggests that because of their association, occasional interaction, and physical proximity, judges of the 24th JDC could not be fair and impartial, and such would "undermine public confidence in the integrity and impartiality of the judiciary." This contention is speculative and conclusory. Such speculation does not support recusal, and is undermined in this case by the prior voluntary recusals of at least two other judges of the 24th JDC, giving specific reasons. There is no indication that other judges of the 24th JDC would discuss this case among themselves, or attempt to retain it if he or she felt any bias.

The State offered contrary evidence to show that recusal of the entire 24th JDC was not justified. Admitted into evidence was Judge Rowan's previous extensive testimony to the effect that he was estranged from his cousin, the alleged victim, Mr. Frisard, and that they did not get along, that they had not seen each other in many years, that he had not attended Mr. Frisard's funeral, etc. Significantly, Judge Rowan also

23-K-406                                              5

testified that he had never mentioned Mr. Frisard or their familial relationship to any other judge, and did not attend any hearing in the case. Judge Rowan's testimony was uncontradicted.

La C.Cr.P. art. 671, which provides the grounds for recusal of a judge in criminal cases, was amended by Acts 2022, No. 42, § 1, with an effective date of August 1, 2022, and provides in pertinent part:

> B. In a criminal cause, a judge of any trial or appellate court **shall also be recused when** there exists a **substantial** and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner. [Emphasis added.]

The 2022 Official Comments to Article 671 provide in pertinent part:

> (a) This Article generally follows Code of Civil Procedure Article 151, with such adaptations as are necessary to adjust the grounds for recusal to the special differences in criminal proceedings.
>
> * * *
>
> (i) A new Paragraph B has been added to provide an additional mandatory ground for recusal when a substantial and objective basis exists that would reasonably be expected to prevent the judge from conducting any aspect of the case in a fair and impartial manner. This provision is intended to serve as a catch-all supplementing the mandatory grounds for recusal set forth in Paragraph A and to incorporate a clearer, more objective standard than the language of Canon 3C of the Code of Judicial Conduct, which provides that a judge should recuse himself when "the judge's impartiality might reasonably be questioned."

Although there is no jurisprudence interpreting this additional ground for recusal in criminal law, this court recently examined and applied the identical recusal standard under La. C.C.P. art. 151 in a civil case, Anderson v. Dean, 22-233 (La. App. 07/25/22), 346 So.3d 356.

In discussing the similar provision for recusal under C.C.P. art. 151 B, this court stated

> In adopting this new language [subsection B], the Legislature clearly intended to broaden the mandatory grounds for recusal beyond the previously enumerated grounds, including the ground for bias or prejudice enumerated in Paragraph A(4). Whereas prior law recognized this mandatory ground for recusal only where there was a high probability of actual bias (proved either directly or

circumstantially), the addition of Paragraph B recognizes that there may be instances in which actual bias or prejudice cannot be proven, but which nonetheless require the recusal of the judge. These instances occur where there exists a "substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the case in a fair and impartial manner." The words "substantial" and "objective" present the first two requirements. "Substantial" means something of substance, material, real, and not imaginary. Black's Law Dictionary (11th ed. 2019). This may be understood as requiring the mover to support his motion to recuse with material evidence, and not mere allegations. "Objective" means something externally verifiable, as opposed to the feelings of one individual. Id. "Basis" means some foundation or starting point on which something may rest. Id. This is a broad term clearly intended to cover more instances than solely "bias." The phrase "any aspect of the cause" additionally broadens the scope of this ground for recusal beyond the obvious and public aspects of the judge sitting on the bench in the courtroom. Finally, the phrase "reasonably expected" recognizes that there may be substantial and objective bases claimed that a neutral observer would not expect to prevent the judge from trying the cause in a fair and impartial manner.

Whether the requirements of this new ground for recusal in Paragraph B are met will necessarily vary to some degree depending on the facts and circumstances of each case: the conduct complained of and the relationships and interests involved. In determining whether a recusal is necessary under Paragraph B, a judge's decision should be guided by the twin imperative duties of a judge: to try the case fairly and impartially on the one hand, and on the other to promote public confidence in the integrity and impartiality of the judiciary.

As stated above, relator/mover has not offered, and the record does not contain, evidence to support a showing that there exists a substantial and objective basis that would reasonably be expected to prevent all of the judges of the 24th JDC from presiding fairly and impartially. Viewing this matter objectively, the mere association and proximity of the judges of the 24th JDC, with nothing more, does not lead to a substantial, reasonable expectation that the other judges would reasonably be prevented from conducting any aspect of the cause in a fair and impartial manner.

Based on a review of the record of this case, and giving due consideration of the arguments made under La. C.Cr.P. art. 671 B, this court is satisfied that a substantial and objective basis that would reasonably be expected to prevent the remaining judges of the 24th JDC from conducting any aspect of the cause in a fair and impartial manner

simply does not exist, and that the *ad hoc* judge, Judge Fendlason, was not in error in his denial of the recusal of the entire bench of the 24th JDC.

**DECREE**

Upon review of the writ application, attachments thereto, and evidence, we find no error in the trial court's denial of relator's motion to recuse the entire bench of the 24th JDC. The evidence does not support a finding of actual bias or prejudice against relator by the entire bench of the 24th JDC, nor does it support a finding of a substantial and objective basis that would reasonably be expected to prevent the remaining bench of the 24th JDC from being fair and impartial. Accordingly, we affirm the trial court's denial of relator's motion to recuse the entire bench of the 24th JDC.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## <u>NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>04/05/2024</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-K-406**

### <u>E-NOTIFIED</u>
24th Judicial District Court (Clerk)
Hon. Donald M. Fendlason (District Judge)
Honorable Donald L. Foret (District Judge)
Thomas J. Butler (Respondent)

### <u>MAILED</u>

Paul C. Fleming, Jr. (Relator)
Attorney at Law
848 Second Street
Third Floor
Gretna, LA 70053

Zachary W. Orjuela (Relator)
Attorney at Law
The Capital Appeals Project
1024 Elysian Fields Avenue
New Orleans, LA 70117