**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

**May 29, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

RANDALL DUANE THRONEBERRY,

    Petitioner - Appellant,

v.

SCOTT NUNN, Warden,

    Respondent - Appellee.

No. 23-6165
(D.C. No. 5:22-CV-00145-R)
(W.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

Petitioner Randall Duane Throneberry, an Oklahoma prisoner, was convicted of committing lewd acts with a child under 16 after a former conviction of lewd acts with a child. He was given a mandatory life sentence pursuant to Okla. Stat. tit. 21, § 51.1a.

After his conviction was affirmed, it came to light that the judge who presided at his trial, Timothy Henderson, had engaged in extramarital sexual relationships with two attorneys from the Oklahoma County District Attorney's office. Although neither of those attorneys prosecuted Mr. Throneberry's case, he applied for post-conviction relief, asserting a due process violation based on judicial bias. The state district court denied

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

relief, concluding the claim was procedurally barred because it was not raised on direct appeal. The Oklahoma Court of Criminal Appeals (OCCA) affirmed for the same reason.

Mr. Throneberry then applied for federal habeas corpus relief under 28 U.S.C. § 2254, arguing Judge Henderson's conduct showed judicial bias in violation of his constitutional right to due process.[1] The district court declined to enforce the procedural bar because Judge Henderson's relationships with the prosecutors had only been revealed after Mr. Throneberry's direct appeal. The court therefore considered and denied his judicial bias claim on the merits. It also denied a certificate of appealability (COA).

Mr. Throneberry now asks this court for a COA, which is a jurisdictional prerequisite to appeal the denial of a § 2254 application. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). That means he must show "that reasonable jurists could debate whether (or, for that matter, agree that) [his § 2254 application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Our COA decision "does not require full consideration of the factual or legal bases" raised, but we undertake "an overview of the claims" and give "a general assessment of their merits." *Miller-El*, 537 U.S. at 336. The OCCA did not adjudicate the merits of Mr. Throneberry's claim, but the federal district court did. We therefore

---

[1] Mr. Throneberry's § 2254 application raised several other claims but he only seeks a COA on his claim of judicial bias.

"exercise our independent judgment and review the federal district court's conclusions of law de novo," while reviewing its factual determinations "for clear error." *Hooks v. Workman*, 689 F.3d 1148, 1163–64 (10th Cir. 2012) (internal quotation marks omitted). Because Mr. Throneberry proceeds pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Due process "requires a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997) (citation and internal quotation marks omitted). However, "the Due Process Clause . . . establishes a constitutional floor, not a uniform standard." *Id.* at 904. "[M]ost questions concerning a judge's qualifications to hear a case are not constitutional," but are "answered by common law, statute, or the professional standards of the bench and bar." *Id.* Thus, claims of bias based on "matters of kinship" or "personal bias" generally do not rise to a constitutional level. *See Fero v. Kerby*, 39 F.3d 1462, 1479 (10th Cir. 1994) (internal quotation marks omitted).

A party can support a due process claim by showing actual bias, or by showing "that circumstances were such that an appearance of bias created a conclusive presumption of actual bias." *Id.* at 1478. In addressing a claim based on appearance of bias, we ask, "not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Williams v. Pennsylvania,* 579 U.S. 1, 8 (2016) (internal quotation marks omitted). Put another way, we must evaluate "whether, considering all the circumstances alleged, the risk of bias was too high to be

3

constitutionally tolerable." *Rippo v. Baker*, 580 U.S. 285, 287 (2017) (per curiam). "Our task is to determine whether the circumstances surrounding [Mr. Throneberry's] trial were such that the incentive to be biased was sufficiently strong to overcome the presumption of judicial integrity." *Fero*, 39 F.3d at 1479.

Mr. Throneberry has not shown actual bias. Judge Henderson had no direct or pecuniary interest in the outcome; there is no indication he was biased against Mr. Throneberry; and there is no showing of bias in the trial court proceedings. Significantly, the attorneys with whom Judge Henderson had undisclosed sexual relationships were not involved in Mr. Throneberry's case, and he has not shown that Judge Henderson had improper relationships with any individual who was.[2] The facts are thus readily distinguished from cases in which defendants were granted relief because one of the attorneys with whom Judge Henderson had an undisclosed sexual relationship appeared in the proceedings before him. *See Fort v. State*, 516 P.3d 690, 694 (Okla. Crim. App. 2022) (holding "the sexual relationship between [Judge Henderson] and the prosecuting attorney violated [the defendant's] due process right to an impartial

---

[2] Mr. Throneberry asserts Judge Henderson *might* also have had an improper relationship with one of the prosecutors in his case because the two were "witnessed together." Aplt. Br. at 5. But "ex parte contact does not, in itself, evidence any kind of bias." *Getsy v. Mitchell*, 495 F.3d 295, 311 (6th Cir. 2007) (internal quotation marks omitted). Mr. Throneberry also argues that although both denied having a relationship, they had "sufficient motive to lie." Aplt. Br. at 5. His argument is speculative, especially given that Judge Henderson has acknowledged his affairs with the other prosecutors. Moreover, the district court rejected this argument based on the prosecutor's testimony in another matter. *See* R., vol. 1 at 243 n.3; R., vol. 3 at 339. Mr. Throneberry submits no contradictory evidence. To the extent he is challenging a factual determination by the district court, reasonable jurists would not debate whether it was clearly erroneous.

and disinterested tribunal"); *Smith v. Bridges*, No. CIV-22-48-HE, 2022 WL 17976797 (W.D. Okla. Dec. 28, 2022) (granting § 2254 petitioner a new trial based on the sexual relationship between Judge Henderson and the prosecuting attorney), *appeal dismissed*, No. 23-6002, 2023 WL 2980318 (10th Cir. Apr. 18, 2023); *Shelton v. Nunn*, No. CIV-21-1082-D, 2022 WL 16708244 (W.D. Okla. Nov. 4, 2022) (same).

Absent actual bias, Mr. Throneberry must demonstrate an unacceptable risk of bias to obtain relief. His argument is too attenuated to show a constitutional violation. He takes the position that Judge Henderson's sexual relationships with attorneys from the Oklahoma County District Attorney's office created a "clear potential for bias . . . [in] *any criminal case* over which he presided while carrying out and hiding his illicit relationships." Aplt. Br. at 8. He reasons there was: (1) a "risk that Henderson could have been disposed to rule" in favor of other prosecutors who treated his romantic partners well; (2) a "risk that Henderson was ill-disposed toward defense attorneys who . . . had poor working relationships[] with his lovers;" and, (3) a "risk Henderson showed compensatory bias . . . so that his bias toward his sexual partners would not be obvious." *Id.* at 8–9. These "risks" of bias do not rise above the level of "speculation, beliefs, conclusions, innuendo, [or] suspicion[s]," *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1050 (10th Cir. 2017); they are "too remote and insubstantial" to amount to a denial of due process, *see Fero*, 39 F.3d at 1478.[3]

---

[3] Mr. Throneberry claims that after the district court denied his § 2254 application, he learned of affidavits submitted in other cases attesting the district attorney's office knew of Judge Henderson's affairs and intentionally assigned "attractive female prosecutors" to cases before him in an effort to sway his rulings. *See* Aplt. Br. at 3.

Mr. Throneberry cites no case in which a court found a due process violation in analogous circumstances, i.e., based on a judge's personal relationship with attorneys who did not appear in the disputed case but who worked in the same office with attorneys who did. To the contrary, this court has previously held that personal connections between a judge and trial participants that were more direct than those present here did not violate due process. In *Fero v. Kerby*, on which the district court relied, a § 2254 applicant was convicted of murder before a judge whose son worked as a law clerk for the prosecution on the petitioner's case, whose brother-in-law had filed a wrongful death action against the petitioner on behalf of the victim's family, and whose wife had allegedly been supervised by the victim. *See id.* at 1475–76. Although this court observed it would have been "advisable" to avoid such circumstances, *id.* at 1480 n.27, we held there was no due process violation because the judge had no "direct, pecuniary interest," *id.* at 1479, and "any biasing influence . . . was too remote and insubstantial to create a presumption of bias," *id.* at 1480. Because we find the potential for bias here less than was present in *Fero,* we also conclude reasonable jurists would not debate the correctness of the district court's denial of Mr. Throneberry's claim.[4]

---

Mr. Throneberry asks us to grant a COA and remand for him to collect these affidavits. However, our review is limited to the record that was before the district court. *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). As Mr. Throneberry acknowledges, the affidavits he describes were not presented to the district court.

[4] *Fero* denied relief but granted a certificate of probable cause, a procedural predecessor to a COA. *See* 39 F.3d at 1482. We need not take that course here because *Fero* is precedential and held there was no due process violation even with greater potential for bias than raised here. Thus, reasonable jurists would not debate the correctness of the district court's resolution of Mr. Throneberry's claim.

Mr. Throneberry emphasizes the impropriety of Judge Henderson's conduct, arguing it shows he was not an "average judge" and defeats any presumption of judicial integrity or evenhandedness. *See* Aplt. Br. at 7. But a COA is available only to address an alleged violation of constitutional rights. *See* § 2253(c)(2). However ill-advised or unethical Judge Henderson's conduct may have been, violations of judicial ethics do not, by themselves, establish a constitutional violation warranting habeas relief, and habeas corpus review does not give federal courts general supervision over state judges' conduct. *See Fero*, 39 F.3d at 1479–80 ("[I]f disqualification under the Code of Judicial Conduct were deemed to imply impermissible bias under the Due Process Clause, then, in effect, the federal courts would be assuming supervisory control over issues of judicial disqualification in the state courts.").

Because Mr. Throneberry has not shown jurists of reason would debate the correctness of the district court's denial of his § 2254 application, his request for a COA is denied. His motion to proceed on appeal without prepayment of costs or fees is granted.

Entered for the Court

Joel M. Carson III
Circuit Judge

7