SUMMARY August 15, 2024 2024COA91 No. 19CA1629, People v. Garcia — Judges — Actual Bias; Courts and Court Procedure — When Judge Shall Not Act Unless by Consent A division of the court of appeals concludes, as an apparent matter of first impression, that prior service in the same case as counsel of record for the defendant does not, by itself, establish that a defense attorney who became a judge harbored actual bias against the defendant.
The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion. 
 COLORADO COURT OF APPEALS 2024COA91 Court of Appeals No. 19CA1629 Saguache County District Court No. 17CR27 Honorable Amanda C. Hopkins, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Donald L. Garcia, Defendant-Appellant. JUDGMENT AFFIRMED Division I Opinion by JUDGE TOW Berger* and Richman*, JJ., concur Prior Opinion Announced July 28, 2022, Reversed in 22SC633 Announced August 15, 2024 Philip J. Weiser, Attorney General, Brittany Limes Zehner, Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Jeffrey A. Wermer, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023.
 1 ¶ 1 Defendant, Donald L. Garcia, appeals the judgment of conviction entered on a jury verdict finding him guilty of first degree aggravated motor vehicle theft. A division of this court, in a divided opinion, reversed his conviction because the judge who presided over his trial, Judge Amanda Hopkins, had previously appeared as counsel for Garcia at a single hearing, at which Garcia had failed to appear, when she was a public defender. People v. Garcia, 2022 COA 83, ¶¶ 7-9 (Garcia I). The Colorado Supreme Court reversed, finding that Garcia had waived any claim that Judge Hopkins was statutorily disqualified under section 16-6-201, C.R.S. 2023. People v. Garcia, 2024 CO 41M, ¶ 54 (Garcia II). The supreme court remanded the matter to this court for consideration of Garcia’s alternative arguments that section 13-1-122, C.R.S. 2023, “deprived the judge of judicial authority and that her service violated his due process right to an impartial judge.”
1 1 The original division was Judge Ted C Tow, Judge Michael H. Berger (now a senior judge), and Judge John Daniel Dailey (now retired). For this opinion, the division has been reconstituted with Senior Judge David J. Richman joining Judge Tow and Senior Judge Berger. 
 2 ¶ 2 We now consider those arguments and, finding no merit, reject them. Accordingly, we affirm the judgment of conviction. I. Background ¶ 3 The events underlying the present dispute are adequately set forth in Garcia II, ¶¶ 4-9. We need not reiterate them here. II. Analysis A. The Scope of Remand ¶ 4 We begin by noting that it is not entirely clear what we have been instructed to decide. Both structural error claims and due process claims can be waived. See Stackhouse v. People, 2015 CO 48, ¶ 8 (waiver of structural error claim arising from courtroom closure); People v. Carter, 2021 COA 29, ¶ 25 (concluding that the defendant waived his due process claim arising from a constructive amendment).
2 Similarly, a defendant can waive a claim that a judge acted without authority. See People v. Babcock, 2023 COA 49, ¶ 15 (cert. granted Apr. 8, 2024). ¶ 5 Garcia contends that, under section 13-1-122, the parties must consent to a judge presiding over a matter if the judge “has 2 A constructive amendment violates a defendant’s due process rights. People v. Carter, 2021 COA 29, ¶ 51. 
 3 been attorney or counsel for either party in the action or proceeding.” Like his reliance on section 16-6-201, this is merely another argument that Judge Hopkins acted without authority. And to that extent, like his section 16-6-201 argument, this argument is subject to being waived. Indeed, unlike section 16-6-201, section 13-1-122 explicitly permits the parties to restore a judge’s authority. If the parties can agree in advance to permit the judge to preside notwithstanding her prior relationship to the case, the provision is necessarily subject to waiver after the fact. Cf. People in Interest of G.C.M.M., 2020 COA 152, ¶ 12 (parties cannot bestow subject matter jurisdiction by agreement and a challenge to such jurisdiction cannot be waived). ¶ 6 Alternatively, Garcia invokes the supreme court’s recent acknowledgment that “due process mandates recusal ‘when, objectively speaking, “the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.”’” Sanders v. People, 2024 CO 33, ¶ 29 (quoting Rippo v. 
 4 Baker, 580 U.S. 285, 287 (2017) (per curiam)).
3 Notably, Garcia makes no effort to explain how or why Judge Hopkins’s prior service as his attorney resulted in her being biased against him. In any event, his invocation of Sanders and Rippo is simply a due process argument — which, as we have noted, is subject to waiver. Nothing in these cases suggests that disqualification based on a high probability (as opposed to a showing) of actual bias is not subject to waiver. ¶ 7 In Garcia II, the supreme court thoroughly explained the basis for its finding that Garcia waived his argument that Judge Hopkins’s actions violated section 16-6-201. We can see no reason why the supreme court’s waiver analysis would not apply with equal force to any alternative basis for challenging Judge Hopkins’s authority that is subject to waiver. ¶ 8 The only argument we can discern that would not be subject to waiver is a claim that the trial judge was actually biased. See 3 Garcia asserted this argument in his petition for rehearing filed with the supreme court, which resulted in the supreme court modifying its opinion to remand the matter to us to address this due process argument. Thus, we consider the contention to be properly before us. 
 5 People in Interest of A.G., 262 P.3d 646, 651 (Colo. 2011) (“[T]here is no provision to waive disqualification when actual bias is the concern.”). We turn, then, to whether the trial judge was actually biased. B. Actual Bias ¶ 9 “[A]n actual bias is a bias ‘that in all probability will prevent [a judge] from dealing fairly with a party.’” Id. at 650 (quoting People v. Julien, 47 P.3d 1194, 1197 (Colo. 2002)). The actual bias inquiry “focuses on the subjective motivations of the judge.” Id. at 651. ¶ 10 To the extent Garcia contends that the trial judge’s prior service as counsel of record, by definition, demonstrates actual bias, we disagree. As noted, even where a judge previously represented one of the parties in the proceeding, section 13-1-122 explicitly permits the parties to consent to the judge presiding over the case. But, because actual bias cannot be waived, this provision would be a nullity if the judge’s status as prior counsel of record were deemed to establish actual bias in all circumstances. ¶ 11 Nor are we persuaded by Garcia’s reliance on Julien. In Julien, the supreme court held that mere employment by the district attorney’s office prior to the judge’s investiture did not require 
 6 disqualification of the judge from cases being prosecuted by his former office. 47 P.3d at 1200. Notably, the supreme court observed that the defendant in Julien did not assert that the judge had actual bias. Id. at 1199. Thus, Julien did not involve a judge who had previously actually served as counsel of record or a judge who was alleged to be actually biased. As a result, Julien is wholly inapposite to this case. ¶ 12 Nevertheless, Garcia invokes the opinion’s broad language, and takes it out of context, to support his claim that “dual service as lawyer and judge in the same matter is [actual bias].” But Julien makes no such unqualified pronouncement. And we are aware of no case that does. ¶ 13 In short, Garcia provides no authority for his position that a judge’s prior service as counsel of record for a party creates actual bias against that party as a matter of law. And this case presents a stark example of why his argument must fail. ¶ 14 As the division noted in Garcia I, ¶ 5 n.1, the record reflects that Judge Hopkins was not Garcia’s assigned public defender and had filed no written entry of appearance. She appeared at only one court date, which was a pretrial readiness conference. Garcia did 
 7 not appear at that hearing, which resulted in the court issuing a bench warrant for Garcia’s arrest. Nothing in the record suggests that then-attorney Hopkins ever met, spoke with, or even saw Garcia at any time before she was appointed to the bench. In short, nothing substantive occurred in the exceedingly brief moments that Judge Hopkins handled the matter as an attorney. She was “counsel of record” in only the most technical sense. And nothing in Judge Hopkins’s rulings while presiding over the case suggests any bias against Garcia. ¶ 15 Indeed, Garcia points to nothing in the record that demonstrates any actual bias by Judge Hopkins. Rather, in addition to the previously noted unsubstantiated, conclusory assertion that her “dual service as lawyer and judge” is, by definition, actual bias, he asserts only that there was “actual impropriety” because the fact that she presided was contrary to “Colorado statutes, criminal rules, and [the] Code of Judicial Conduct.” But, again, none of those “improprieties” has ever been held to amount to per se actual bias. ¶ 16 Similarly, Garcia cites no authority for his blanket proposition that “[a] judge cannot be fair when she has advocated for one side 
 8 in a matter.” And he does not address the obvious possibility that, to the extent an attorney who becomes a judge might be biased as a result of her prior involvement in the case, it could well be bias in favor of the former client.
4 ¶ 17 Finally, we reject Garcia’s contention that Judge Hopkins “ruled on her work as [Garcia’s] lawyer” when she denied his speedy trial motion and observed that his failure to appear at the hearing at which Judge Hopkins had appeared as counsel tolled the speedy trial period. This ruling did not involve the work of then-attorney Hopkins in any way. ¶ 18 Garcia has not demonstrated actual bias by Judge Hopkins. Thus, we discern no basis for reversal. III. Disposition ¶ 19 The judgment of conviction is affirmed. JUDGE BERGER and JUDGE RICHMAN concur. 4 Notably, Garcia argues that Judge Hopkins’s prior relationship “prevented her from dealing fairly with either party.” (Emphasis added.) To the extent Garcia attempts to raise arguments of bias against the People, he lacks standing to do so.